Robert L. Silberstein, Plaintiff-Appellee, v. Peoria Town & Country Bowl, Inc., a Corporation, Defendant-Appellant.

Gen. No. 69–27.

Third District.

March 17, 1970.

Winstein & Kavensky, of Rock Island, and William H. Christison, of Peoria, for appellant.

Joseph R. Napoli, of Peoria, for appellee.

RYAN, J.

Plaintiff filed suit in the Circuit Court of Peoria County, alleging that the defendant bowling alley corporation breached an agreement of employment whereby plaintiff was to be employed as promotional manager of the bowling alley for a period of forty-eight months at a salary of $312.50 per month for a gross salary of $15,000. Defendant paid the monthly stipend for a period of twenty-four months, and then stopped. Plaintiff, by his suit, sought to obtain a judgment for $7,500 as the unpaid balance under the alleged agreement. Defendant, in its answer, admitted only the fact of its incorporation and the payment of $7,500, and denied all other material allegations of the complaint. Defendant further filed certain affirmative defenses to the effect that the alleged agreement was ultra vires, was lacking in consideration, and was based on an illegal consideration. A jury trial was demanded. Defendant subsequently amended its answer by adding additional affirmative defenses, namely: That the alleged agreement was void for uncertainty and vagueness and lack of mutuality in that the plaintiff was not obligated to do anything at any time or place. That the subject matter of the alleged agreement was illegal and therefore, void in that the plaintiff was the third-party beneficiary of an agreement entered

291

into between the defendant and plaintiff's father, whereby plaintiff's father agreed to restrain all competition from new bowling alleys by using his influence with the City Council of the City of Peoria and the Board of Supervisors of the County of Peoria to prevent licensing of or zoning for potential competitors for a period of five years. The consideration for this alleged agreement was to be the payment of $50,000 by the defendant, $15,000 of which sum was to be paid to plaintiff in installments of $312.50 per month for a period of forty-eight months. Said payments were to be labeled for services as "promotional manager" but were, in fact, not wanted, needed or used by the defendant and were never offered or performed by the plaintiff. Defendant further set forth that the plaintiff knew of this earlier agreement at the time of the alleged employment agreement. Defendant's answer and these latter affirmative defenses were verified.

Plaintiff moved for a Summary Judgment on the grounds that no dispute as to the facts existed; that the defenses set forth by the defendant were insufficient as a matter of law and that defendant was estopped to raise the earlier contract which was undisclosed to the plaintiff. In plaintiff's supporting affidavit he stated that he did promote defendant's business "in attempting to see to it that (his) friends and associates commenced the use of the bowling alley." Further, that he had collected a bad check for the bowling alley; that he had offered further service; that he was ready, willing and able to perform further services but that none were requested.

In a counteraffidavit, defendant corporation's president set forth that the monthly payments were stopped when competing bowling alleys opened, whereupon they regarded the original agreement as breached. Further, that plaintiff "was fully aware of all of the aforesaid facts and the original agreement between (plaintiff's father)

and (defendant)." The trial court ordered the submission of the depositions of the plaintiff and an agent of defendant to be considered by the trial court along with the pleadings in deciding plaintiff's motion for a Summary Judgment. This being done, the trial court granted plaintiff's motion for a Summary Judgment and entered judgment in favor of the plaintiff and against the defendfendant for $7,500 and costs.

■ ■ Section 57 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 57) provides that a Summary Judgment may be rendered when ". . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment or decree as a matter of law." If, however, the pleadings present a genuine issue as to any material fact, Summary Judgment should not be granted. Halloran v. Belt Ry. Co. of Chicago, 25 Ill App2d 114, 166 NE2d 98. The right of the moving party to Summary Judgment must be free from doubt. Miller v. Owens-Illinois Glass Co., 48 Ill App2d 412, 199 NE2d 300. The affidavits filed in support of a motion for Summary Judgment will be strictly construed and must leave no question of the movant's right to judgment, but the affidavits filed in opposition thereto will be liberally construed. Tansey v. Robinson, 24 Ill App2d 227, 164 NE2d 272.

■ The law in this regard seems well settled and was fully and succinctly covered in the case of Ruby v. Wayman, 99 Ill App2d 146, 240 NE2d 699. Citing the earlier cases of Solone v. Reck, 32 Ill App2d 308, 177 NE2d 879, and Tezak v. Cooper, 24 Ill App2d 356, 164 NE2d 493. The Appellate Court in the Ruby case correctly pointed out that the remedy of Summary Judgment is to be awarded with caution so as not to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist. Even if there is no dispute in the evidence, if fair-minded persons would draw different con-

clusions from the evidence, then it becomes the province of the jury to draw that conclusion which to them seems most reasonable.

On the record here presented, and under the authorities herein cited, we believe that the trial court erred in granting plaintiff's motion for Summary Judgment. As of the time of the granting of the motion for Summary Judgment, no answers had been filed by the plaintiff to defendant's verified affirmative defenses. Although the plaintiff had moved to strike the defendant's affirmative defenses, the trial court did not pass on this motion. Thus, for the purpose of ruling on plaintiff's motion for Summary Judgment, defendant's affirmative defenses are part of the pleadings that must be considered under section 57(3) of the Civil Practice Act in determining whether a question of fact existed. Defendant's sworn affirmative defenses and affidavit in opposition to plaintiff's motion for Summary Judgment raised several factual issues.

Plaintiff would like for this court to consider his alleged contract with the defendant separate from and independent of any transaction between his father and the defendant. However, the verified affirmative defenses and the affidavit in opposition to the motion for Summary Judgment have alleged factual situations which so intertwine the two transactions as to make them inseparable. In fact, under these pleadings, the very question of whether the contract between the plaintiff's father and the defendant is severable from the plaintiff's alleged contract with the defendant has itself become a question of fact. Was the alleged illegal consideration for the plaintiff's father's contract the actual consideration for the plaintiff's contract? Did the plaintiff have knowledge of the father's contract and its attendant circumstances whereby it could be inferred that he was a participant therein?

There is also a factual question as to whether the plaintiff and defendant ever had a contract. Plaintiff's complaint had a letter from an agent of defendant attached as an exhibit which purported to be a ". . . guarantee to you that we will hire you as a promotional manager . . . on a non-cancelable contract basis for forty-eight (48) months at a salary of $312.50 per month . . . ." During oral argument before this court, the attorney for the plaintiff responded to a question from the court as to whether he considered this letter to be a contract that he considered the letter to be an offer only and that the subsequent performance by the plaintiff was the acceptance of the offer. There is a factual dispute under the state of the pleadings and the affidavits as to whether the plaintiff ever performed any service for the defendant pursuant to the offer in the letter. Thus, if defendant's letter is an offer only, there is a factual issue as to whether there was performance by plaintiff which would constitute an acceptance of the offer and thus bring into existence a binding contract.

Accordingly, the Summary Judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.

STOUDER, P. J. and TRAPP, J., concur.