BOYER, Acting Chief Judge.
Appeal is here taken from a final judgment entered pursuant to a directed verdict in favor of the defendant below, appellee here, and from an order denying a timely motion for new trial.
Appellant owned and operated a service station and garage. The accident which gave rise to this litigation occurred while appellant was repairing a tire, using a machine manufactured and distributed by ap-pellee. The machine was constructed in the form of a metal stand with a horizontal platform upon which a tire and wheel would be placed. Rising vertically from the platform was a threaded steel shaft around which would be placed the center aperture of the wheel and tire to be repaired. Another part of the tire changing machine or device was a heavy cast iron hold-down nut or cone with interior threads which would mesh with the threads on the vertical shaft. After the tire and wheel were placed over the vertical shaft onto the horizontal platform, the cone would be placed on the shaft and screwed down until it was tight against the wheel, for the purpose of holding the wheel firmly in place while the tire was being changed. If the tire were inflated while the hold-down cone was securely in place, the swelling of the tire as a result of inflation would cause the cone to be so bound in place that in order to remove the cone the tire would have to be deflated or the cone would have to be knocked loose with a heavy hammer before the tire and wheel could be removed from the machine. Therefore, it was necessary to either remove the cone from the vertical shaft or back it off a few turns before inflating the tire.
At the time of the subject accident appellant had loosened the cone and left it on the shaft prior to inflating a repaired tire. The tire exploded causing the cone and the tire mounted on the wheel to rise with great force, striking appellant and injuring him.
There is no evidence in the record that the machine was defective nor that the design caused the accident. The purpose of the machine was not to prevent a tire from exploding nor to hold it down if it did explode. Neither was there any evidence that the use of the machine caused the explosion nor the accident. This is not a case of faulty design nor defective manufacture. The exploding tire was the proximate cause of the accident, not the tire changing machine supplied by appellee. (See Menking v. Bishman Manufacturing Company, 496 S.W.2d 762 (Ct. of Civ. App.Tex., 1973))
The learned trial judge was therefore eminently correct when he directed a verdict in favor of appellee.
Affirmed.
JOHNSON, J., concurs.
SPECTOR, SAM, Retired, Associate Judge, dissents.