SHELBY G. LITTRELL, Plaintiff-Appellant, *v.* THE COATS COMPANY, INC., Defendant-Appellee.—(MOBIL OIL COMPANY *et al.,* Defendants.)

Second District   No. 77-26

Opinion filed July 5, 1978.—Rehearing denied August 30, 1978.

Edward J. Walsh, Jr., and Roger K. O'Reilly, both of Wheaton, for appellant.

Gary K. Mickey and John P. Duggan, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Plaintiff-appellant. Shelby G. Littrell, hereinafter plaintiff, appeals from the trial court's order granting summary judgment in favor of defendant-appellee, The Coats Company, Inc., hereinafter defendant, in an action for damages predicated on the theory of strict product liability. The main issue presented for our consideration is whether the trial court erroneously granted defendant's motion. After a review of the record and briefs, we determine that the trial court erroneously granted defendant's motion for summary judgment, and we reverse the judgment of the circuit court of Kane County and remand this cause for further proceedings consistent with this opinion.

On October 24, 1973, plaintiff filed a complaint in the circuit court of

Kane County against Mobil Oil Company and Marcley Oil Company for injuries he sustained when a "Mobil Super Traction Belted Tire" exploded on March 1, 1973, while he was inflating it on a tire changing machine pursuant to his employment at Winckler's Mobil Service Station in Naperville, Illinois. Subsequently, on December 16, 1974, plaintiff filed an amended complaint against defendant-appellee, The Coats Company, Inc., the sole defendant in this appeal. Count II of the amended complaint averred that plaintiff's injuries were proximately caused by unreasonably dangerous defects in the design and instructions of defendant's tire changing machine, known as a "Coats 10-10 Super Power Man." Following the filing of defendant's answer, plaintiff's interrogatories, and defendant's answers to interrogatories, the defendant moved for summary judgment on the pleadings and supporting documents. Plaintiff's answer to defendant's summary judgment motion asserted among other reasons that defendant's tire changing machine was improperly designed in several respects for the intended use for which it was manufactured. Defendant's response to plaintiff's answer averred that the only purpose for which this machine could be utilized was for mounting and dismounting tires and that it was not foreseeable that a tire would explode while being inflated on its tire-changing machine. After a hearing, the court granted summary judgment in favor of defendant and against plaintiff in regard to count II of plaintiff's amended complaint—which was addressed solely to defendant, Coats Company. The court further found that there was no just reason to delay appeal of its order. Therefore, pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)), we are called upon to consider the merits of plaintiff's appeal against this defendant, inasmuch as it affected fewer than all the parties to this cause of action.

■■ Initially, we must dispose of defendant's motion to strike portions of plaintiff's reply brief, which motion was taken with the case. We have considered this motion and hereby deny the same. It is sufficient to note that this court considers only those documents and arguments which pertain to the appellate court record and disregards all extemporaneous documents and comments by either party that are *dehors* the record.

A brief recitation of the material facts is necessary for an understanding of this products liability case. The "Coats 10-10 Super Power Man" tire changing machine is constructed in the form of a metal stand with a horizontal platform upon which a tire wheel is placed. Rising vertically from this platform is a threaded steel shaft around which is set the center aperture of the wheel and tire to be repaired or replaced. Another integral section of the tire changing machine is a heavy cast-iron hold-down nut or cone with interior threads which intertwine with the threads on the vertical shaft.

After the tire and wheel are placed over the vertical shaft onto the horizontal platform, the hold-down cone is screwed on the shaft until it is tight against the wheel, thus holding the wheel firmly in place while the tire is being changed. However, it is necessary either to remove the hold-down cone prior to inflating the tire or to loosen it a few turns before inflating the tire. Otherwise, if the tire was inflated while the hold-down cone was tightly in place, the swelling of the tire would cause the cone to be so tightly in place that in order to remove the cone, the tire would have to be deflated or the cone would have to be knocked loose with a heavy hammer before the tire and wheel could be removed from the horizontal platform of the machine.

At the time of the incident, plaintiff had placed a new G 78-14 "Mobil Super Traction Belted Tire" upon defendant's tire changing machine and mounted it as outlined. Plaintiff testified he threw the tire up on the rim and rotated the tire around to place it partially on the rim. He then partially inflated the tire with a short air-hose which was connected to the service station's air compressor system. This partial inflation was necessary so the tire would drop onto the rim. Plaintiff at that time removed the hold-down cone and continued to inflate the tire. Plaintiff was standing next to the inflating tire with his hands at his sides. He was observing to see if the bead of the tire (the cable imbedded in the inner lip of the tire) would seal or seat itself against the rim. Before the tire ever seated, however, it exploded and injured the plaintiff. At the time of the explosion the tire was about a quarter of an inch from the rim. Both the tire and rim had come off the machine and had landed on a customer's car within the service station.

■■ The principles regarding a reviewing court's review of a trial court's disposition of summary judgment motions are well settled. A motion for summary judgment should only be granted where there is no genuine issue as to a material fact (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457), and this is to be determined by the court from the pleadings, depositions, affidavits, and exhibits in each case (*Hernandez v. Trimarc Corp.* (1976), 38 Ill. App. 3d 1004, 350 N.E.2d 202). The purpose of a summary judgment motion is not to litigate a factual issue, and although different inferences may be derived from even undisputed facts, the motion should be granted only where reasonable men could not arrive at different inferences from these undisputed facts. (*Century Display Manufacturing Corp. v. D. R. Wager Construction Co.* (1977), 46 Ill. App. 3d 643, 360 N.E.2d 1346.) In the interpretation of the pleadings, the movant's motion for summary judgment and its supporting documents must be strictly construed and must leave no question as to the movant's right to judgment; conversely, in considering the motion, the respondent's counteraffidavits and supporting documents must be

liberally construed. (*Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 360 N.E.2d 440.) Furthermore, the remedy of summary judgment should be exercised with caution so that the respondent's rights to trial by jury and to present the factual portion of his case are not usurped where there is a material factual dispute. *Silberstein v. Peoria Town & Country Bowl, Inc.* (1970), 120 Ill. App. 2d 290, 257 N.E.2d 12.

The duty of a manufacturer in strict liability in torts was succinctly summarized by the late Justice Dooley in *Buehler v. Whalen* (1978), 70 Ill. 2d 51, 61, 374 N.E.2d 460, 464-65, wherein, speaking for the court, he stated that:

"\* \* \* the manufacturer's duty is to use reasonable care in the design and manufacture of its product, bearing in mind \* \* \* [its] intended and actual use \* \* \*."

Herein, plaintiff contends that the intended and actual use which was contemplated for this tire changing machine included the inflation of this tire while it was on this machine. Thus, it is argued that it was foreseeable that a tire would be placed on this machine. Plaintiff further argues that it was foreseeable that a defective tire would be used on this machine and that defendant should have so constructed its machine to prevent plaintiff's injuries from the explosion of a tire while it was on the tire changing machine. Defendant argues in rebuttal that the affidavit of George Winckler, the operator of the service station, demonstrates that the only purpose that this machine could be used was for mounting and dismounting tires.

■■ Our examination of the record and pleadings herein conclusively establishes that there were material issues of fact which should have precluded the granting of summary judgment for defendant. Specifically, plaintiff alleges in his pleadings certain factual design defects in this product, which allegations, as previously stated, must be liberally construed in plaintiff's favor upon the consideration of a motion for summary judgment against him. For example, in count II of plaintiff's amended complaint, it is alleged that the defendant's tire changing machine was unreasonably dangerous and not reasonably safe because defendant had "designed the aforesaid machine so that the hold-down cone was to be removed immediately after bead seal" and that the machine "was improperly designed to complete the intended use for which it was manufactured." In plaintiff's answer to defendant's summary judgment motion, plaintiff averred that the proximate cause of plaintiff's injuries was both the explosion of the tire and the improper design of the tire changing machine. In addition, plaintiff contended that the instructions were improper and insufficient in that they required the

removal of the hold-down cone prior to inflating the tire. This contention was made in spite of the fact that plaintiff had never read these instructions, but instead had unknowingly followed the aforesaid instructions to the letter. Plaintiff also asserted that defendant's machine was improperly designed to complete the use and purpose for which it was intended, in that the insertion of air into a tire on this tire changing machine was reasonably foreseeable. Additionally, plaintiff maintained that defendant's motion was premature because of its unsatisfactory answers to plaintiff's interrogatories concerning the issue of defects in the design of this product.

■■■ It is well settled that the issue of proximate cause is one which must be resolved by the jury. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) Additionally, the actions of two concurrent tort-feasors may result in liability for each for the total damages incurred. (*Buehler v. Whalen* (1978), 70 Ill. 2d 51.) In the instant case, it is possible that both the tire manufacturer and defendant's tire changing machine may have both been the proximate concurrent causes of plaintiff's injuries. The resolution of the question of proximate cause and possible design defects, however, is one for the jury to decide and should not be summarily resolved on a motion for summary judgment. (*Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 340 N.E.2d 276.) In the instant case, the trial court erroneously granted summary judgment under a factual situation wherein the jury could have possibly inferred or concluded that the product's defects either in the design of the hold-down cone or other possible safety design defects were a concurrent proximate cause of the plaintiff's injuries along with the allegedly defective tire. Our decision is predicated on the basis that there are issues of material fact for a jury to determine concerning the proper utilization of the hold-down cone on the tire changing machine and whether the design of this product appropriately considers the intended and actual use for this product.

We have examined the defendant's arguments and citations (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465; *Weiss v. Rockwell Manufacturing Co.* (1973), 9 Ill. App. 3d 906, 293 N.E.2d 375; *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182) concerning both the duty of a manufacturer to warn about defects in its product and what constitutes an obvious dangerous product and find these citations to be distinguishable from this factual situation. First, our review of this record establishes that plaintiff has never argued that the failure of the defendant to warn was the cause of his injuries, but instead has based his theory of recovery on the defective design of this product. Secondly, the possibility of injury here does not stem from the common dangerous propensity of this product, which is open and obvious to all (such as electricity), but

from a dangerous defect in design that is apparent only when the product is used in conjunction with a tire which is being inflated.

We have also considered the decisions of other jurisdictions cited by defendant which have dealt with a tire changing machine similar to defendant's (*Turner v. Big Four Automotive Equipment Corp.* (5th Cir. 1975), 511 F.2d 133; *Simpson v. The Coats Co.* (Fla. App. 1975), 306 So. 2d 573; and *Davis v. The Coats Co.* (Iowa 1963), 119 N.W.2d 198) and find these cases to be inapplicable to our factual situation. In each of these cases, although the trial court found in favor of the defendant tire changing machine manufacturer, the plaintiffs were permitted to present their evidence *in toto* on their theory of the case, whether in a trial before a jury or a bench trial. Additionally, only *Simpson v. The Coats Co.* (Fla. App. 1975), 306 So. 2d 573, specifically reached a determination pertaining to whether the proximate cause of the accident was the tire changing machine or the exploding tire. The *Simpson* court, in the majority opinion which affirmed a directed verdict judgment in favor of defendant, found that there was "no evidence in the record that the defendant caused the accident. * * * Neither was there any evidence that the use of the machine caused the explosion nor the accident." (306 So. 2d 573, 574.) Herein, we believe that the previously stated material issues of fact relevant to the defective design of this product which are raised on the pleadings are sufficient to mandate the denial of defendant's summary judgment motion and permit the plaintiff to fully present his evidence in this cause, as was allowed in *Simpson v. The Coats Co.* (Fla. App. 1975), 306 So. 2d 573, Accordingly, we find the trial court erred in allowing defendant's motion for summary judgment on the pleadings.

The judgment of the circuit court of Kane County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and WOODWARD, J., concur.