ERNESTINE MEAKENS, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO
*et al.*, Defendants-Appellees.

First District (3rd Division)    No. 79-1240

Opinion filed June 25, 1980.

Gilbert A. Cornfield and Clifford Scott, both of Rudnick, Cornfield &
Feldman, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke and
Philip L. Bronstein, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Ernestine Meakens, appeals from an order of the circuit
court of Cook County which granted summary judgment in favor of all
defendants. Plaintiff, an employee of the city of Chicago, had sought
injunctive relief requesting that defendants be ordered to adjust her wage
scale commensurate with her work assignments and to compensate her
for the loss of wages she had incurred.

Plaintiff had been employed by the Chicago police department since
1967. On November 10, 1977, plaintiff filed her complaint for injunctive
relief, alleging that since April 1, 1975, she held the position and
performed the duties of shift supervisor terminal operator. Plaintiff

repeatedly was assured by her immediate supervisor, Lieutenant Walter Brackenbury, that he had recommended a promotional salary adjustment for her and that he had no knowledge as to why she had not received the increased salary. Plaintiff alleged that others who received temporary appointments as shift supervisors received wage increases at the time of their promotion. Plaintiff further alleged that on January 1, 1976, the city of Chicago adopted an ordinance governing personnel administration which included provisions for temporary, emergency, and career service appointments. The ordinance also established grievance procedures for career service employees. Plaintiff alleged that she was a career service employee who had sought to resolve her salary grievance through defendants under established rules and regulations without success.

On January 23, 1978, defendants filed an answer to plaintiff's complaint in which they denied that plaintiff had the title of shift supervisor terminal operator. They stated that from January 1, 1973, plaintiff held the title of remote terminal operator, originally as a temporary employee and then as a career service employee. Defendants further alleged that no one holding the position of shift supervisor occupied career service status.

On March 15, 1979, defendants filed a motion for summary judgment. Attached to the motion were affidavits of Joan Cole, deputy director of personnel for Chicago, and Lieutenant Brackenbury. The Cole affidavit recited that she had knowledge of plaintiff's employment record and that she was familiar with Chicago's wage practices. From January 1, 1973, to December 15, 1978, plaintiff had a temporary appointment in the position of remote terminal operator. On December 16, 1978, plaintiff received a career service appointment to the same position. A copy of plaintiff's employment record was made part of the Cole affidavit. The affidavit further stated that plaintiff never received a temporary appointment as a shift supervisor terminal operator, and that performing as an acting shift supervisor would not entitle plaintiff to a salary other than as a remote terminal operator. Brackenbury's affidavit contained the same recitals found in the Cole affidavit. Additionally, he stated that the plaintiff never had been promoted to shift supervisor but voluntarily had performed on occasion, the duties of a shift supervisor.

On April 18, 1979, plaintiff filed a motion in opposition to defendant's request for summary judgment. Attached to the motion was plaintiff's affidavit. She stated that in 1974-75, she was trained by co-workers in the operation, procedures and supervision of terminal operators; that Brackenbury wrote in his commanding officer book that plaintiff would be acting shift supervisor; that she had so functioned since 1975; that she received official memoranda and signed official documents as shift supervisor; and that all furlough assignments reflected her position as shift

supervisor. On May 18, 1979, defendants were awarded summary judgment.

Plaintiff initially contends that the trial court erred in granting summary judgment in favor of defendants because, as reflected by her counteraffidavit, there are genuine issues as to material facts.

■■ Summary judgment is proper if, based upon the pleadings, affidavits, depositions and other documents on file, there exists no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. (*Century Display Manufacturing Corp. v. D. R. Wager Construction Co.* (1978), 71 Ill. 2d 428, 376 N.E.2d 993.) The right of the movant to summary judgment must be clear and free from doubt. (*Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 376 N.E.2d 657.) Any evidence in support of the motion must be strictly construed against the moving party. *Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 293.

■■■ Plaintiff maintains that her duties, salary, and position or title are all material facts at issue. An examination of the affidavits reveals, however, that no genuine issue of material facts exists. The affidavits submitted by defendants, along with plaintiff's city employment record, aver that plaintiff never received a temporary appointment as a shift supervisor. Defendants' affidavits further state that at all relevant times plaintiff was a remote terminal operator, first as a temporary appointee and then as a career service employee. Plaintiff's counteraffidavit did not dispute or contradict the foregoing assertions, nor did she challenge the accuracy of her employment record which was part of Cole's affidavit. Consequently, the statements that plaintiff always was a remote terminal operator, at first as a temporary appointee and then as a career service employee, must be deemed true and conclusive although plaintiff in her complaint alleged that she received a temporary appointment as shift supervisor terminal operator. While a pleading may purport to raise issues of material fact, if such issues are not further supported by evidentiary fact through affidavits, summary judgment is appropriate, particularly when the moving party supplies facts uncontradicted by counteraffidavits, which entitles the movant to judgment as a matter of law. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Graze v. Lawless* (1979), 71 Ill. App. 3d 669, 389 N.E.2d 957.) Since plaintiff has not pointed to any statute or ordinance which would require or even permit defendant to pay her other than in accord with her appointment, under the undisputed facts she is entitled only to her wages as remote terminal operator.

Plaintiff's counteraffidavit is restricted to a statement that she performed as an acting shift supervisor. That she did so does not affect the conclusion we reach. Pursuant to authority contained in chapter 25.15 of

the Municipal Code of the city of Chicago, the city adopted certain personnel rules which provide in relevant part:

"The Director shall be responsible for the preparation and maintenance of a written specification for each established class of positions and such class specifications shall constitute the official specifications of classes in the City Service." (Rule 1, section 3.)

Rule 1, section 4 provides:

"The class specifications are descriptive and explanatory and not restrictive. They are intended to indicate the kinds of positions that should be allocated to the various classes and shall not be construed as determining the entire range of duties and responsibilities that may be assigned to a given position or as limiting or modifying the power of any department head to assign other duties appropriate to the class of positions, and to direct and control the work of employees under his or her supervision. The use of a particular expression or illustration as to duties shall not be held to exclude others not mentioned that are of similar kind of quality."

Thus, even if plaintiff had acted as a shift supervisor, she was entitled by law only to the salary consistent with her actual appointed position of remote terminal operator.

Plaintiff also contends that the doctrine of equitable estoppel prevents defendants from paying her any salary other than that of shift supervisor terminal operator. It appears to be plaintiff's position that her immediate supervisor, in ordering her to act as a shift supervisor, misled her into believing that she had been promoted; that plaintiff relied upon this misconception; and that defendants, therefore, are estopped from denying an increased salary and back wages for her.

Municipal corporations may be subject to the doctrine of equitable estoppel. (*Kenny Construction Co. v. Metropolitan Sanitary District* (1971), 52 Ill. 2d 187, 288 N.E.2d 1.) To prevail under equitable estoppel, plaintiff must prove that she relied upon some acts or representations of defendant and had no knowledge or convenient means of knowing the true facts. (*Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 335 N.E.2d 491; *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 396 N.E.2d 34.) We find that plaintiff failed to establish equitable estoppel in the present case.

■■ We initially note that although plaintiff urges in this court that she was ordered to act as shift supervisor, no such assertion appears in the complaint. Moreover, her counteraffidavit did not rebut Brackenbury's averment that she occasionally acted as shift supervisor voluntarily. Apart from that, it is apparent that plaintiff's supervisor exhibited no indicia of control over matters of personnel administration, nor did he demonstrate

any authority to promote or to grant salary increases. It is obvious that plaintiff knew Brackenbury had no control over her wage scale. Indeed, her complaint itself merely alleges that her supervisor continually reassured her regarding an upward salary adjustment for plaintiff. Even if a person reasonably believed that he has been promoted by an immediate superior, a municipality cannot be estopped by an act of its agent beyond the authority conferred upon him. (*Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 171 N.E.2d 605; *Ganley v. City of Chicago* (1974), 18 Ill. App. 3d 248, 309 N.E.2d 653.) And in the present case, the complaint itself demonstrates that plaintiff was aware of the scope of her supervisor's authority and the methods of promotion established by the city. The doctrine of estoppel is not applicable to the present circumstances nor is there any fundamental unfairness apparent.

For the reasons stated, the order of the circuit court of Cook County granting summary judgment to all defendants is affirmed.

Affirmed.

McGILLICUDDY, P. J., and SIMON, J., concur.