H. J. ANTONIDES *et al.*, Plaintiffs-Appellees, *v.* PLASCON, INC., *et al.*, Defendants-Appellants.

Third District    No. 81-208

Opinion filed November 24, 1981.—Rehearing denied February 1, 1982.

Laurence J. Dunford, of Chicago, for appellants.

Vincent P. Paulauskis, of Nutting, Thacker, Sacks & Paulauskis, Ltd., of Kankakee, for appellees.

JUSTICE BARRY delivered the opinion of the court:

Defendants Plascon, Inc., and William Reiland, present owner of Plascon, appeal from a summary judgment in favor of plaintiffs, H. J. Antonides and others, in an action on a note in the circuit court of Kankakee County.

This litigation arose out of plaintiffs' sale of the stock and assets of Plascon to defendant Reiland. The total sale price was $84,000 with $60,000 paid in cash at closing on April 18, 1977, and $24,000 to be paid one year later on April 19, 1978. A judgment note for $24,000 was executed on behalf of the corporation and guaranteed by Reiland. The contract for sale of the corporate stock contained the following provision:

> "IT IS FURTHER AGREED that on or before sixty (60) days of the Closing Date, the parties shall make a determination of any income tax liability incurred by the corporation from the beginning of the present fiscal year to the closing date and any such sum found due shall be credited against a certain Promissory Note in the Amount of Twenty Four Thousand Dollars ($24,000.00) * * *"

At the closing, the corporation was obligated for $55,200 on a note to the First National Bank of Kankakee, and as agreed in the contract, plaintiffs paid the debt after the stock had been transferred to Reiland. When the $24,000 note became due, Reiland refused to pay and consequently plaintiffs filed a complaint and confession of judgment on June 1, 1978. After the summons to confirm the confessed judgment was issued and served, defendants filed an answer, affirmative defense and counterclaim. The counterclaim asserted a set-off of $18,000 against the note on the ground that the corporation had incurred additional tax liability for the fiscal year ending October 31, 1977, when plaintiffs paid the debt of

the corporation. Defendants' theory is that the payment of the corporate debt was taxable income to the corporation. The trial court entered an order on October 6, 1978, opening the judgment.

On May 22, 1979, plaintiffs filed their first motion for summary judgment, alleging that the defendants' counterclaim was spurious because the Internal Revenue Service had not assessed any additional taxes against the corporate defendant for the fiscal year in question. After the defendants filed a response to the motion, the trial court ruled that there was no dispute as to $6,000 of the debt since the set-off and counterclaim involved only $18,000. Accordingly a partial judgment was entered in favor of plaintiffs in the amount of $6,610.42. That judgment was paid and is not at issue in this appeal.

After the trial court found that the amount of tax liability was in dispute, that part of the case was put on the pretrial calendar, and finally on September 5, 1980, plaintiffs filed a second motion for summary judgment as to the contested amount. In this motion, plaintiffs alleged that they had sought an audit of tax liability from the Internal Revenue Service, that the Internal Revenue Service did not respond, and that, therefore, no additional tax liability had been incurred by the corporation. Defendants stood by their previous pleadings. The court ruled that there was no question of fact and entered judgment in favor of plaintiffs.

Defendants subsequently filed a motion to reconsider, attaching as exhibits amended Federal and State tax returns for the corporation reporting an increase in income from that previously reported which resulted in an additional Federal tax liability of $15,490 and an additional State tax liability of $2,281. The trial court denied the motion to reconsider on April 8, 1981, and this appeal followed.

Defendants contend that, even though the basic facts of this case are not in dispute, the inferences that can be drawn from those facts are such that reasonable men would differ and, hence, that summary judgment was improperly granted. (See, *e.g., Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 279 N.E.2d 293.) In other words, defendants insist that there is a jury question whether the corporation incurred a tax liability when plaintiffs paid a debt of the corporation. Defendants argue that the question of whether tax liability was *incurred* is different than whether additional tax liability was *assessed*, so the failure of the Internal Revenue Service to respond to plaintiffs' request for an audit should not be determinative.

■■ We affirm the judgment of the trial court. First, as defendants themselves concede, the statute of limitations for additional tax liability against the corporation expired on January 15, 1981; hence, the issue was moot by the time the trial court entered its order denying the motion to reconsider.

Clearly, the preparation of amended returns, without any showing that those returns were filed and the tax liability paid, is not determinative. As best we can determine, the defendants have attempted to use a speculative tax liability as a set-off against a definite liability, and have avoided paying either one for more than three years.

■■ Furthermore, we do not believe the question here is one of an inference to be drawn from the undisputed facts but rather is one of statutory interpretation with the statute in question being the Internal Revenue Code. Since interpretation of a statute is a question of law for the court and not a question of fact for the jury, summary judgment is an appropriate remedy in this case.

■■ Finally, although not mentioned by either party, we think it significant that the act which allegedly gave rise to the claimed additional tax liability occurred *after* the closing date of the sale of the corporation. According to the provision of the contract which defendants rely upon, a set-off would be allowed only for any tax liability incurred by the corporation *before* the closing date. Thus, plaintiffs' payment of the debt was not within the terms of the contract in any event.

For the reasons stated, we affirm the judgment of the Circuit Court of Kankakee County.

Affirmed.

ALLOY and HEIPLE, JJ., concur.