HUSEYIN OZDEGER et al., Plaintiffs-Appellants, v. SAKIP M. ALTAY et al., Defendants-Appellees.

First District (1st Division) No. 78-1179

Opinion filed September 25, 1978.

.Donald J. Kerwin, of Chicago, for appellants.

Joseph and Friedman and Marvin A. Marder, Ltd., both of Chicago (Jack Joseph, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is an interlocutory appeal under Supreme Court Rule 307. (Ill. Rev. Stat. 1977, ch. 110A, par. 307.) Plaintiffs, Huseyin Ozdeger and Doris Ozdeger, his wife, filed a suit against defendants, Sakip M. Altay and S. M. Altay, Ltd., an Illinois corporation, for breach of contract. Defendants moved to stay the proceedings and compel arbitration pursuant to the Illinois Uniform Arbitration Act. (Ill. Rev. Stat. 1977, ch. 10, par. 102.) After considering the memoranda filed and having heard the argument of counsel for the parties, the trial court stayed proceedings as to the disputes arising out of the written contract, including Addenda A and B, and ordered arbitration as to those matters. Plaintiffs appeal, contending that the arbitration clause in the contract does not apply to Addendum A. Addendum B is not involved in this appeal.

The facts alleged in the complaint are taken as true. They are: the parties entered into a written contract, by the terms of which defendants agreed to design and coordinate the construction of a residence for plaintiffs. Defendants were to (a) render basic architect's services with respect to the design and construction, (b) perform all services of a

general contractor, and (c) participate in the landscaping, interior design and selection of furniture. That part of the contract relating to the architect's services was the printed "Standard Form of Agreement between Owner and Architect"; that part relating to the contractor's services was a typewritten page designated "Addendum A"; and that part relating to the landscaping, interior design and selection of furniture was another typewritten page designated "Addendum B." These two pages were attached to the end of the printed document.

Page 2 of the printed portion states:

"II. THE OWNER shall compensate the Architect, in accordance with the Terms and Conditions of this Agreement, as follows:

 * * *

b. FOR THE ARCHITECT'S ADDITIONAL SERVICES, as described, compensation computed as follows:

See addenda 'A' and 'B' for Architect's construction coordination, landscaping, and interior design coordinating services."

Page 7 of the printed portion states:

"ARTICLE 11
ARBITRATION

"11.1 All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

 * * *

ARTICLE 12
EXTENT OF AGREEMENT

This Agreement represents the entire and integrated agreement between the Owner and the Architect and supersedes all prior negotiations, representations or agreements, either written or oral. This Agreement may be amended only by written instrument signed by both Owner and Architect."

Plaintiffs' complaint charged defendants with breaching the contract both as to their duties as architects and as general contractors.

Plaintiffs contend that the provision of section 11.1 of Article 11 that "all claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration" applies solely to claims, disputes and other matters arising out of the printed form portion of the contract and that because the typewritten

Addendum A contains no provision for arbitration, the trial court was in error in ordering arbitration of any claims for breach of defendants' duties as a general contractor.

■■ ■ This contention is without merit. Under our Arbitration Act, the parties "are only bound to arbitrate those issues which by clear language they have agreed to arbitrate." (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 94, 242 N.E.2d 149.) Here there was but one contract, of which Addendum A was a part, and plaintiffs' complaint so recognizes. Consequently, the "Agreement" referred to in section 11.1 of Article 11 included Addendum A and any claim or dispute arising out of or relating to it is to be decided by arbitration. The printed and typewritten portions cannot be considered separate contracts.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.