HUSEYIN OZDEGER et al., Plaintiffs-Appellees, v. SAKIP M. ALTAY et al., Defendants-Appellants.

First District (3rd Division)   No. 78-1180

Opinion filed November 15, 1978.

Joseph and Friedman and Marvin A. Marder, Ltd., both of Chicago (Jack Joseph, of counsel), for appellants.

Donald J. Kerwin, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendants bring this interlocutory appeal from an order of the circuit court of Cook County denying their motion to stay the proceedings in the trial court and to compel arbitration of the claims in plaintiffs' amended complaint. The trial court found that an arbitration clause providing for arbitration of all disputes "arising out of, or relating to" a written contract entered into between the parties was inapplicable to a subsequent oral agreement entered into by the parties.

On June 16, 1976, plaintiffs, the owners of certain real estate located in Glenview, Illinois, entered into a written contract with defendants whereby the latter undertook to act as architects and as general contractors for a home to be constructed on plaintiffs' property. Part of the contract was on an American Institute of Architects (hereafter referred to as "AIA") form; the remainder was typewritten and attached to the form as an addendum. The portion of the agreement on the AIA form contained an arbitration clause which provided:

> "All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law."

The typewritten addendum outlined defendants' duties as general contractors.

Subsequent to the execution of the written contract, the parties orally agreed that defendants would act as carpentry managers. Defendants were to expedite and control the material supply and quality of the work to be performed by the carpenters working at plaintiffs' residence.

Plaintiffs became dissatisfied with defendants' performance and filed suit, alleging that defendants had breached their duties as architects, general contractors, and carpentry managers. A copy of the written contract was attached to the complaint. In response, defendants filed a motion to stay proceedings and to compel arbitration pursuant to the arbitration clause.

At the hearing on defendants' motion, plaintiffs argued that they were not required to arbitrate any of the matters alleged in their

complaint or, in the alternative, that the arbitration clause was applicable only to that portion of the contract on the AIA form and not to the addendum or the oral agreement. The trial court rejected plaintiffs' argument as to the written agreement and held that, by virtue of the arbitration clause, plaintiffs were bound to arbitrate any disputes arising out of or relating to defendants' performance as architects and general contractors. On appeal this court affirmed the trial court's holding. *Ozdeger v. S. M. Altay, Ltd.* (1978), 64 Ill. App. 3d 1036.

With respect to the oral agreement, the trial court gave plaintiffs leave to file an amended complaint. The amended complaint realleged the written agreement and further alleged that defendants orally agreed to act as carpentry managers on the project for a fee. Plaintiffs claimed that defendants breached this oral agreement by failing to oversee and expedite the carpentry aspects of the project, causing plaintiffs to incur additional expenses. Plaintiffs prayed for damages of $55,000. Defendants renewed their motion to stay proceedings and to compel arbitration. The trial court held, however, that the amended complaint sufficiently alleged a separate and distinguishable oral agreement to which the arbitration clause contained in the written contract was not applicable.

Defendants contend that the trial court erred in holding that plaintiffs were not bound to arbitrate disputes arising from the alleged breach of the carpentry management agreement. Defendants maintain that the language of the clause contained in the written contract, providing for arbitration of all disputes "arising out of, or relating to" that contract is broad enough to encompass a subsequent agreement which itself arose out of the original contract. Defendants emphasize that it was necessary for plaintiffs to plead the original contract in their amended complaint in order to render intelligible the terms of the subsequent oral agreement. They further argue that submission of two phases of the controversy to arbitration, while reserving disputes concerning carpentry management for litigation, could not reasonably have been contemplated by the parties. Defendants contend that the advantages of arbitration will be lost if resolution of the entire dispute must await the outcome of a trial wherein many of the issues and much of the evidence will be identical to that presented in the arbitration proceeding.

■■■ We believe the trial court erred in refusing to compel arbitration of plaintiffs' claims arising out of the alleged breach of the carpentry management agreement. We recognize the general principle that the parties are bound to arbitrate only those issues which by clear and unequivocal language they have agreed to arbitrate. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149; *Liberty Mutual Fire Insurance Co. v. Loring* (1968), 91 Ill. App. 2d 372, 235 N.E.2d 418.) In the present case, however, the written contract contains what has

been termed a "generic" arbitration clause which is nonspecific in its designation of arbitrable disputes. (*Roosevelt University v. Mayfair Construction Co.* (1975), 28 Ill. App. 3d 1045, 331 N.E.2d 835.) In order to determine the scope of such a clause, the court must examine both the wording of the particular clause and the terms of the contract in which it is included to determine the respective rights and responsibilities of the parties. (See *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.* (1969), 109 Ill. App. 2d 224, 248 N.E.2d 289.) Where the arbitration clause in the contract pertains to "all disputes in connection with" the contract, this court has held that the scope of the clause is limited to the specific terms of the contract. (*Silver Cross Hospital v. S. N. Nielsen Co.* (1972), 8 Ill. App. 3d 1000, 291 N.E.2d 247; *Blades, Inc.*) In *Blades,* the contractor alleged that the owner had made changes and caused delays, causing the contractor to incur additional costs for which the owner was liable. The only contract provision relating to owner-caused delays provided that such delays should not terminate the contractor's right to proceed with the work nor result in the assessment of liquidated damages against the contractor for failure to complete the work on time. This court affirmed the denial of the contractor's motion to compel arbitration on the ground there was no express undertaking by the owner to compensate the contractor for extra costs incurred by reason of owner-caused delays. Since the agreement to arbitrate was limited to disputes arising in connection with the contract and the contract was silent on this issue, the parties were not bound to arbitrate the dispute.

■■ We believe the holding of this court in *Roosevelt University v. Mayfair Construction Co.* governs the outcome of the present case. The contract there contained an arbitration clause identical to the clause with which we are concerned. This court held that, in comparison to a clause providing for arbitration of disputes "arising in connection with" a contract, a clause using the language "arising out of, or relating to" is broader in scope. As in *Blades,* the contractor claimed damages for owner-caused delays under a contract which contained no express provision relating to this issue. The court, while agreeing with the *Blades* holding, nevertheless held that the inclusion of this type of arbitration clause in the contract justified submission of the issue to arbitration. Similarly here, by inserting this broad arbitration clause into the contract, it is clear that the parties intended to resolve through arbitration any and all disputes arising out of the subject matter of the contract, that is, the construction of plaintiffs' home. The carpentry management agreement is but one phase of this construction project. The subsequent oral agreement is no less related to the written contract than the addendum thereto which this court has previously held subject to the arbitration clause. *Ozdeger v. S. M. Altay, Ltd.* (1978), 64 Ill. App. 3d 1036.

We hold that the matters alleged in plaintiffs' amended complaint are clearly disputes "arising out of, or relating to" the original agreement and, as such, are required to be resolved by arbitration. (*Roosevelt University v. Mayfair Construction Co.*) Moreover, even were we to find that the scope of the arbitration clause is in doubt, we believe that this issue, by virtue of the broad language of the clause, should be resolved, in the first instance, by the arbitrators, subject to ultimate judicial review. *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, 215 N.E.2d 25; *Roosevelt University.*

For the foregoing reasons, the order of the circuit court of Cook County is reversed and the cause is remanded with directions to stay proceedings and to compel arbitration with respect to the matters raised in plaintiffs' amended complaint.

Reversed and remanded.

JIGANTI, P. J., and SIMON, J., concur.