ROBERT E. BARD, Plaintiff-Appellee, *v.* BETTY SANDER HARVEY, Defendant-Appellant.

First District (2nd Division)   No. 78-792

Opinion filed July 10, 1979.

Betty Sander Harvey, of River Forest, for appellant, *pro se*.

Minor K. Wilson, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff filed an action against defendant to recover attorney fees allegedly due plaintiff for services rendered by him on behalf of defendant. Defendant appeals from an order of the circuit court of Cook County granting a summary judgment in favor of plaintiff. The issues presented for review are whether a genuine issue of fact existed which would preclude a summary judgment and whether the trial court exhibited prejudice against defendant and thereby denied defendant a fair hearing.

We reverse and remand.

On February 16, 1977, plaintiff, Robert E. Bard, filed an action against defendant, Betty Sander Harvey, to recover $925 in attorney fees allegedly due plaintiff for services rendered on behalf of defendant from August 11, 1976, through September 14, 1976. Plaintiff attached two billing statements, dated September 1, 1976, and September 15, 1976, which listed the work done by plaintiff. Defendant had paid $325 to plaintiff for services rendered on her behalf. Defendant demanded a jury trial and filed an answer alleging that plaintiff was consulted to render the following service: (1) to perfect an appeal in the Estate of Sander case; (2) to prepare a defense in the case of Mackey v. Harvey, 76 LM 205, which was pending in Du Page County; (3) to amend the case of Harvey v. Harris Trust, 76 L 1829; and (4) to prepare malpractice actions against attorneys previously retained by defendant.[1] Defendant alleged that plaintiff did not perform the services as agreed and in fact worked to defendant's disadvantage.

Plaintiff alleged in a reply that the services to be rendered were specifically detailed in a letter agreement, dated August 13, 1976, and signed by plaintiff and defendant; that the services did not include those specified by defendant in her answer; and that a "letter of opinion," dated September 15, 1976, and sent to defendant by plaintiff, was evidence that the services detailed in the letter agreement were performed by plaintiff. The letter agreement states that in reference to the Estate of Sander case,

---

[1] During the hearing on the motion for summary judgment defendant stated that she had retained three attorneys prior to plaintiff and that they all worked against her. She stated that she reported the attorneys to the Attorney Registration and Disciplinary Commission but the Commission took no action.

plaintiff would review the files, interview certain persons, do some basic legal research and determine whether defendant had any rights to assert. The letter then referred to other pending lawsuits and "some rather urgent court dates" and plaintiff stated he would review the files and contact defendant during the week of August 16 with recommendations. Plaintiff also stated that his fee was $50 per hour payable on a current basis and that both parties reserved the right to terminate his services at any time. The "letter of opinion" discusses the Estate of Sander case, the dissolution of Sander, Inc., and the Harvey v. Harris Bank case. Plaintiff then stated that he terminated his services on behalf of defendant as of September 15, 1976, and he requested full payment for services rendered.

On November 21, 1977, plaintiff filed a motion for summary judgment alleging that the letter agreement set forth the services to be rendered by plaintiff and such services were fully performed. Defendant objected to the motion on the basis that a genuine question of fact existed. In a supporting affidavit defendant stated that all services were not fully performed in that (1) plaintiff failed to meet the urgent court dates referred to in the agreement, (2) plaintiff did nothing with regard to the Mackey case and the appeal of Estate of Sander case, and (3) plaintiff acted against defendant's interest in the Harris Bank case. Defendant further stated in the affidavit that plaintiff did not perform the services which he represented during the initial interview with defendant that he would perform. Attached to the affidavit were two letters, sent by defendant to plaintiff dated October 10, 1976, and January 6, 1977, respectively, in which defendant questioned why plaintiff did not review possible malpractice actions against her former attorneys. Defendant enclosed $150 as payment of fees with the October 10, 1976, letter and $25 with the January 6, 1977, letter.

Plaintiff filed a counteraffidavit in support of his motion for summary judgment in which he stated that he performed all services in accordance with the letter agreement dated August 13, 1976. Attached to the counteraffidavit were two letters written by plaintiff to defendant: (1) a letter dated October 18, 1976, in which plaintiff stated that in his opinion defendant did not have a cause of action in the Estate of Sander matter and that plaintiff could not "in good conscience" justify additional work and additional expense to plaintiff; and (2) a letter dated January 13, 1977, in which plaintiff stated that he had previously told defendant he could not handle the Mackey case and had referred her to another attorney.

On January 26, 1978, after a hearing, the court entered summary judgment for plaintiff and against defendant in the amount of $925 plus costs. Defendant filed a motion to vacate the summary judgment order, which was denied by the court after a hearing on March 2, 1978.

Defendant contends that the trial court erred in granting summary judgment because the pleadings and affidavits presented the following genuine issues of fact: (1) whether all the terms of the parties' agreement were contained in the letter dated August 13, 1976, and (2) whether plaintiff performed fully the services to be rendered on behalf of defendant.

The purpose of summary judgment proceedings is to determine whether a genuine issue of material fact exists. (*Moore v. Lewis* (1977), 51 Ill. App. 3d 388, 390, 366 N.E.2d 594.) Summary judgment should be granted if the pleadings, depositions and admissions, and any affidavits in support of and in opposition to the motion show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3); *Donart v. Board of Governors* (1976), 39 Ill. App. 3d 484, 486, 349 N.E.2d 486.) The trial court, in ruling on a motion for summary judgment, must construe the pleadings and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 983, 370 N.E.2d 124.) The summary judgment procedure is to be encouraged because it promotes efficient and economic use of the judicial system. (*Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 12, 365 N.E.2d 1045.) However, the right of the moving party to obtain summary judgment must be clear and free from doubt. (*Manahan,* at 12.) The remedy should be granted with caution so that the opposing party's right to trial by jury is not usurped where a material factual dispute may exist. (*Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 520, 379 N.E.2d 293.) A reviewing court must reverse an order granting summary judgment if it is determined that a material question of fact does exist. *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, 349 N.E.2d 1.

The letter agreement dated August 13, 1976, was signed by plaintiff and defendant and constitutes a contract that should be interpreted as any other contract. It is well established that in construing a contract, a court is governed by the parol evidence rule which provides that if the parties to an instrument intend that it alone is to constitute the agreement between them or if the instrument itself is complete, terms not included in the instrument may not be shown for purposes of changing the contract. (*Katz v. Diabetes Association* (1975), 31 Ill. App. 3d 240, 243, 333 N.E.2d 293; *World Insurance Co. v. Smith* (1975), 28 Ill. App. 3d 1022, 1025, 329 N.E.2d 518.) Where the language of a contract is unambiguous, extrinsic facts surrounding the making of the contract are not to be considered. (*Katz,* at 243.) However, where the language is ambiguous, extrinsic evidence, including prior negotiations between the parties, any oral

understandings, and the parties' conduct, is admissible to determine the parties' intentions. *Dixie Square Thom McAn, Inc. v. Dixie Square Management Co.* (1977), 55 Ill. App. 3d 619, 624, 370 N.E.2d 1256.

■■ Defendant contends that the pleadings and affidavits in the instant case presented the factual issue of whether all of the terms of the parties' agreement were contained in the letter dated August 13, 1976. Defendant stated in an affidavit that during the initial interview plaintiff orally agreed to perfect the appeal in the Estate of Sander case, to amend the Harris Bank case, to prepare a defense in the Mackey case and to prepare malpractice actions against attorneys previously retained by defendant. The letter agreement specifically refers only to the Estate of Sander case and then refers to "the immediate problem of your pending lawsuits" and "some rather urgent court dates to meet." The language "pending lawsuits" and "urgent court dates" is not defined and is ambiguous because at the time the letter was written defendant had at least two pending lawsuits, the Harris Bank case and the Mackey case, in addition to the Estate of Sander case. Also, plaintiff did, in fact, research and prepare a brief in the Harris Bank case. Thus, plaintiff's own actions indicate that there may have been an oral understanding between the parties and that there is a genuine issue of fact as to whether the letter agreement contained the parties' complete agreement. In reference to the Mackey case, plaintiff stated in a letter dated January 13, 1977, that he had told defendant he could not handle the case; however, defendant stated in her affidavit that plaintiff agreed to prepare a defense to the case. Thus, an issue of fact is raised.

The pleadings and affidavits and accompanying exhibits present also a genuine issue of fact as to whether plaintiff performed the services outlined in the letter agreement. In the letter plaintiff stated he would interview certain persons to obtain information, study the files and make a recommendation to defendant during the week of August 16, 1976. Defendant stated in her affidavit that plaintiff did not interview the persons as agreed and did not make any recommendations to her until September 15, 1976, at which time he terminated his services. It has been held that whether a contract has been performed according to its terms is a question of fact. *George F. Mueller & Sons, Inc. v. Northern Illinois Gas Co.* (1975), 32 Ill. App. 3d 249, 253, 336 N.E.2d 185.

We conclude that genuine issues of material fact were raised by the pleadings and affidavits and that the court erred in granting summary judgment for plaintiff.

■■ Defendant also contends that she was denied a fair hearing because the judge displayed prejudice against her and failed to protect her constitutional rights. A reading of the record does not support defendant's allegations. Rather, the record indicates that the judge was patient with

defendant and he allowed her an opportunity to present her case. Defendant contends that since she was appearing pro se, she should have been granted more leeway than is granted attorneys who appear before the court. It has been held in criminal cases that once a defendant chooses to waive counsel and represent himself, he is responsible for conducting his own defense (*People v. Richardson* (1959), 17 Ill. 2d 253, 260, 161 N.E.2d 268) and he may not expect favored treatment even though the result may be that he is less effective as his own attorney (*People v. Tuczynski* (1978), 62 Ill. App. 3d 644, 650, 378 N.E.2d 1200). This same principle should apply in civil cases.

Based on the foregoing we reverse the order of the circuit court of Cook County and remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS, P. J., and DOWNING, J., concur.