GERALD B. SALTZBERG, Plaintiff-Appellee, *v.* RONALD S. FISHMAN, Defendant-Appellant (Fishman & Fishman, Ltd., *et al.*, Counterplaintiffs-Appellants, *v.* Fishman and Fishman and Saltzberg, P.C., *et al.*, Third-Party Defendants and Counterdefendants-Appellees).

First District (2nd Division)   No. 82—2742

Opinion filed April 10, 1984.

Stewart I. Gartner, of Chicago (Neal D. Rosenfeld, of counsel), for appellant.

John C. Pendergast, of Chicago, for appellee.

JUSTICE STAMOS delivered the opinion of the court:

A dispute arose between the firm of Fishman & Fishman (the firm), of which plaintiff Gerald Saltzberg was a partner, and defendant Ronald Fishman, who had been terminated as an associate with the firm. The dispute resulted in a memorandum agreement executed by both the firm and Fishman. Subsequently, a dispute arose regarding compliance with the agreement and the firm filed suit for an injunction and damages against Fishman. This suit resulted in a settlement agreement which was incorporated into a consent decree along with the previous memorandum agreement. When defendant Fishman failed to comply with the terms of the consent decree, plaintiff Saltzberg filed a post-decree petition for an accounting. Fishman filed a motion to dismiss, affirmative defenses, a counterclaim and a third-party claim. Following a hearing on the matter, defendant's motion was denied, his claims were dismissed, and his defenses were rejected. The court ordered defendant to comply with the terms of the consent decree and to pay over to the plaintiff Saltzberg fees which were due under the decree. The court also enjoined both parties from using the name of Fishman & Fishman. Defendant Fishman appeals from this order.

Prior to 1973, the law firm of Fishman & Fishman was a partner-

ship composed of three brothers: Julius, Samuel and Jacob Fishman. Gerald Saltzberg became a full partner in February 1973. Jacob died in February 1973 and Samuel died in July 1973. This left Saltzberg and Julius Fishman as the sole surviving partners. Ronald Fishman was an associate with the firm and was never a partner.

On July 30, 1973, defendant was given 30 days' notice that his employment with Fishman & Fishman was being terminated. During August, defendant allegedly copied the firm ledger and attempted to lure clients away from the firm. By the end of the month, defendant had persuaded 16 clients of the firm to retain him as their attorney. This was allegedly accomplished while defendant was still employed with the firm and receiving a salary.

In an effort to recover the ledger sheets and firm files, the firm filed suit against defendant Fishman. Following numerous hearings, the parties entered into a memorandum agreement. Disputes arose concerning compliance with this agreement, and the firm filed an action in chancery seeking injunctive relief and damages against defendant.

On April 28, 1975, the parties executed a settlement agreement which was incorporated into a consent decree along with the previously executed memorandum agreement. Under the terms of the decree, the files which had been removed by defendant were divided into group "A" and group "B." Group A files were brought into the firm by defendant and, under the decree, were classified as defendant's property. Defendant's only obligation concerning group A files was to reimburse the firm for $7,200 in expenses which it had incurred on these files.

As to group B files, defendant's only relationship with these files was the assigned work he did on them as an employee of the firm. Under the decree, defendant was to receive 55% and the firm was to receive 45% of fees earned on group B files. Upon closing these files, defendant was to return them, pay the fees due the firm and reimburse the firm for costs previously expended. The decree also addressed the parties' right to certain firm names.

After leaving Fishman & Fishman, defendant established his own firm, Fishman & Fishman, Ltd. Defendant allegedly listed the new firm in Sullivan's Law Directory under the name Fishman & Fishman and listed Jacob Fishman as if he had been a member of defendant's new law firm prior to his death.

Under the consent decree, Gerald Saltzberg and his partner Julius Fishman were given exclusive right to the name Fishman & Fishman "or any name of their choosing other than Fishman & Fishman, Ltd."

Defendant Fishman was given exclusive right to the name of Fishman & Fishman, Ltd. "or any name of [his] choosing other than Fishman & Fishman." Soon after the execution of the consent decree, Fishman & Fishman was dissolved and plaintiff Saltzberg started a new firm, Fishman and Fishman and Saltzberg, P.C. Plaintiff Saltzberg retained the name of Fishman & Fishman on the building's directory and on stationery used by the new firm.

After entry of the consent decree, defendant paid $22,000 on nine of the 16 cases listed on the group B list. Thereafter, defendant failed to make any further payments. Plaintiff Saltzberg then filed for post-decree relief to force defendant to abide by the terms of the consent decree.

In response to plaintiff's action, defendant filed a counterclaim and several affirmative defenses. Under the counterclaim, defendant charged plaintiff with breaching the terms of the consent decree. The affirmative defenses included: fraud, misrepresentation, and a charge that the settlement agreement constituted an illegal fee splitting arrangement. The motion to dismiss charged that because one of the parties to the agreements underlying the consent decree was the partnership of Fishman & Fishman, any suit to enforce the decree must include both partners. Because the post-decree action was instituted by only one of the partners, Gerald Saltzberg, defendant asked that the suit be dismissed.

Prior to filing his third amended complaint, plaintiff Saltzberg secured an assignment from Julius Fishman, the other partner of the firm, under which plaintiff was assigned all of Fishman's rights to seek post-decree relief and to receive all sums resulting therefrom. Defendant's motion to dismiss was thereafter denied. Following a hearing on plaintiff's request for post-decree relief, defendant's counterclaim, affirmative defenses and third-party complaint were denied. Defendant was ordered to comply with the terms of the consent decree and to pay over to plaintiff the fees to which he was entitled, plus any interest earned on those fees during the period that defendant wrongfully retained them. The court also enjoined both parties from using the name of Fishman & Fishman. Defendant appeals from the court's order.

Defendant's first contention, which is in two parts, concerns plaintiff's standing to initiate the suit which is the subject of this appeal. Initially, defendant contends that the agreements underlying this action are the property of a professional corporation and that therefore Gerald Saltzberg has no authority to maintain this action on his own behalf. Alternatively, defendant contends that if the agreements

are deemed to be the property of the partnership of Fishman & Fishman, both partners in that firm must join in the suit as plaintiffs.

Defendant first contends that the firm of Fishman and Fishman and Saltzberg, P.C., rather than plaintiff, is entitled to bring the instant action. This contention presumes that the agreements which are the subject of this suit somehow became the property of the successor corporation upon dissolution of the partnership of Fishman & Fishman. However, there is no evidence to support this presumption.

■ Defendant's obligations under the consent decree ran to the firm of Fishman & Fishman. Thus, the right to sue to enforce the decree belonged to the firm. Thereafter, the firm dissolved. But this dissolution did not terminate the partnership. A partnership continues until all its affairs are wound up. (*Thanos v. Thanos* (1924), 313 Ill. 499, 506, 145 N.E. 250.) One of the "affairs" that remained uncompleted following the firm's dissolution was the collection of fees under the consent decree. Toward this end, the firm was entitled to sue, even after dissolution, to enforce its rights under the decree. (See *Larsen v. Sjogren* (1951), 67 Wyo. 447, 462, 226 P.2d 177, 181.) This is precisely what occurred in the instant case. After the dissolution of Fishman & Fishman, defendant failed to comply with the terms of the consent decree and a suit was filed to force compliance. This was a natural part of the winding up of the affairs of Fishman & Fishman. As long as the decree's terms were not complied with, the firm was not terminated.

Defendant also asserts that somehow after dissolution, the consent decree became the property of plaintiff's new firm, Fishman and Fishman and Saltzberg, P.C. Defendant points to no evidence in the record to support this assertion and cites no authority to suggest that such a transfer occurred automatically by operation of law. We conclude that the agreements in the consent decree remained the property of Fishman & Fishman after dissolution and that it retained the power to enforce its rights thereunder.

Alternatively, defendant contends that if the rights under the consent decree are the property of Fishman & Fishman, a suit to enforce those rights must include both partners. In the instant case, Julius Fishman and Gerald Saltzberg were the only surviving partners of Fishman & Fishman. The post-decree suit for an accounting, however, was instituted by Saltzberg alone. Defendant asserts that because Julius Fishman was not a party to Saltzberg's action, the action should have been dismissed.

Prior to the filing of his third amended complaint, however, plaintiff Saltzberg secured an assignment from Julius Fishman of all of

Fishman's rights under the consent decree upon which Saltzberg's action was based. Saltzberg produced a written assignment, signed by Julius Fishman and Saltzberg, which stated that Fishman was assigning his rights under the decree to Saltzberg. Defendant claims that the assignment was invalid and that the suit should have been dismissed.

Under the law of partnerships, the right to receive profits and surplus is personal property and, as such, is assignable. (*Sahs v. Sahs* (1977), 48 Ill. App. 3d 610, 612, 363 N.E.2d 156.) A chose in action is also personal property and is assignable. (See *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947, 338 N.E.2d 912.) A suit to enforce a chose in action may properly be brought in the name of the assignee. See Ill. Rev. Stat. 1981, ch. 110, par. 2—403(a).

■ In the instant case, Julius Fishman possessed a chose in action to enforce his rights under the consent decree. Fishman's rights under the decree were personal property and Fishman had the power to assign those rights. He exercised that power when he assigned his interests in the instant litigation to Gerald Saltzberg. Following this assignment, Saltzberg, as assignee, properly instituted the action in his own behalf. See Ill. Rev. Stat. 1981, ch. 110, par. 2—403(a).

Defendant next contends that he was entitled to rescind the agreements which were incorporated into the consent decree on the grounds that: (1) plaintiff breached the agreements underlying the decree; (2) there was a mutual mistake as to the agreements; and (3) plaintiff utilized fraud and misrepresentation to induce defendant to enter into the agreements.

Initially, defendant asserts that plaintiff breached the terms of the consent decree. This alleged breach concerns the following provision of the settlement agreement:

> "[Ronald Fishman] acknowledge[s] and agree[s] that [Julius Fishman and Gerald Saltzberg] and their successors shall have the right to practice law under the firm name of FISHMAN and FISHMAN, or any name of their choosing other than FISHMAN and FISHMAN, LTD. ***."

Defendant argues that this provision authorized plaintiff to use either the name Fishman & Fishman *or* another name, but not Fishman & Fishman *and* another name. Apparently, Saltzberg continued to use the name of Fishman & Fishman on the building directory and on stationery after dissolution of the firm and after founding the firm of Fishman and Fishman and Saltzberg, P.C. Defendant contends that the above-quoted provision prohibited Saltzberg's continued use of the

name Fishman & Fishman after a successor firm had been established. An examination of the language of the consent decree does not support defendant's assertion.

■ The above-quoted provision authorizes Saltzberg to use the name Fishman & Fishman "or" any name other than Fishman & Fishman, Ltd. The thrust of this provision is both to authorize Saltzberg to use the name "Fishman & Fishman" and to prohibit him from using the name "Fishman & Fishman, Ltd." The provision is not designed to determine if Saltzberg is authorized to use the name Fishman & Fishman and another firm name simultaneously. Indeed, another provision of the decree indicates that the parties were primarily concerned with preserving their exclusive right to their then existing names.

> "[Julius Fishman and Gerald Saltzberg] acknowledge and agree that [Ronald Fishman] shall have the right to practice law under the firm name of FISHMAN and FISHMAN, LTD., or any name of [his] choosing other than FISHMAN and FISHMAN ⸜ *** ."

On their face, the above-quoted provisions do not reveal that Saltzberg's use of two firm names constituted a breach of the consent decree's terms. The meaning to be given the words in a written instrument is a determination for the court to make in the first instance. (*Chicago Investment Corp. v. Dolins* (1981), 93 Ill. App. 3d 971, 974, 418 N.E.2d 59.) And the determination of whether a breach of an agreement has occurred is a matter for the trier of fact. (*Bard v. Harvey* (1979), 74 Ill. App. 3d 16, 20, 392 N.E.2d 371, *cert. denied* (1983), 459 U.S. 1172, 74 L. Ed. 2d 1016, 103 S. Ct. 819.) Under these principles of law, we affirm the trial court's finding that plaintiff did not breach the terms of the consent decree.

■ Defendant also asserts that, at the time the agreements which are a part of the consent decree were executed, plaintiff intended to use the name of Fishman & Fishman and the name of the successor corporation simultaneously. Defendant characterizes this as an intent to breach the terms of the decree and concludes that plaintiff thereby committed fraud. This assertion is in error for two reasons. First, it presumes that Saltzberg's simultaneous use of two firm names was a breach of the terms of the consent decree. But as has been discussed above, the decree did not address the propriety of Saltzberg's actions and it does not appear that the parties to the decree intended to prohibit the use of two firm names. Second, defendant's charge that plaintiff intended to commit fraud when he executed the agreements is a mere conclusion. Defendant asserts that it is

"quite evident" that plaintiff intended to breach the terms of the decree. Defendant has not, however, attempted to support this statement with even a single citation to the record and an examination of the record reveals no evidence of an intent to breach the decree. The burden of proof as to the defense of fraud was with defendant and it is apparent that he has failed to meet that burden. See *In re Marriage of Held* (1979), 73 Ill. App. 3d 561, 565, 392 N.E.2d 169.

Alternatively, defendant charges that a mutual mistake justifies his rescission of the agreements underlying the consent decree. Defendant has made no effort to analyze this defense element by element (see *John Burns Construction Co. v. Interlake, Inc.* (1982), 105 Ill. App. 3d 19, 25, 433 N.E.2d 1126), and has not cited evidence in the record to support his charge. As with the defense of fraud, defendant has failed to meet his burden of proving the defense of mutual mistake. See *Pernod v. American National Bank & Trust Co.* (1956), 8 Ill. 2d 16, 21-22, 132 N.E.2d 540.

Defendant next contends that the consent decree is unenforceable because it provides for illegal fee splitting. Under the decree, the fees derived from certain cases taken from Fishman & Fishman by defendant were to be divided between defendant and the firm as provided in the memorandum agreement. Most of the fees were to be divided 45% for the firm and 55% for defendant. Defendant characterizes this as fee splitting which is against public policy and unenforceable.

What defendant fails to acknowledge, however, is that the clients in the cases which were the subject of the decree contracted with the firm of Fishman & Fishman. Technically, the cases belonged to the firm. Defendant, as an employee of the firm, was assigned the task of handling the cases. And even clients which came directly to defendant belonged to the firm because the employment of one member of a firm is employment of the entire firm. (*Smith v. Brittenham* (1884), 109 Ill. 540, 554; *Corti v. Fleisher* (1981), 93 Ill. App. 3d 517, 521, 417 N.E.2d 754.) The fact that Fishman & Fishman was dissolved did not terminate their contractual relation with their clients. *Walker v. Goodrich* (1855), 16 Ill. 341, 342.

■ Defendant came into possession of and became responsible for the cases in issue during his employment with Fishman & Fishman. Following his dismissal from the firm, defendant took the files with him, but they remained the property of the firm. By assigning responsibility for the handling of these cases and providing for a distribution of the fees, the consent decree was not documenting an illegal fee splitting arrangement. It was simply perpetuating defendant's employment with the firm for the limited purpose of disposing of cases

on the group B list.

Defendant next contends that plaintiff's continued use of the name of Fishman & Fishman after it was dissolved constituted an unauthorized use of the name, unfair competition, and a deceptive trade practice. Defendant cites "An Act to prohibit the counterfeiting and imitation of trademarks and the unauthorized use of trademarks and trade names" (Ill. Rev. Stat. 1981, ch. 140, pars. 23 through 28) and section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 312) in support of this contention. But some of the penalty provisions which defendant cites are criminal in nature and defendant has no standing to request the imposition of these penalties against plaintiff. The remaining provisions dealing with unfair competition and deceptive trade practices are grounded on the premise that plaintiff's continued use of the name Fishman & Fishman after dissolution was wrongful. But we earlier found that the consent decree of April 28, 1975, gave plaintiff Saltzberg and Julius Fishman exclusive right to use the name Fishman & Fishman and that the decree did not preclude the use of that name in conjunction with the name of a successor firm. It does not appear, therefore, that plaintiff's use of the name Fishman & Fishman was wrongful. Moreover, defendant consented to plaintiff's exclusive use of that name. Under the consent decree entered into by plaintiff and defendant, plaintiff and Julius Fishman were given the exclusive right to use the name Fishman & Fishman. Thus, plaintiff could have continued to practice under that name alone. Had plaintiff elected to do this, defendant would clearly have had no basis for objection because of his consent to plaintiff's exclusive use of that name. We find that plaintiff's decision not to continue under the name Fishman & Fishman does not negate the effect of defendant's consent. Accordingly, we find that defendant's consent to plaintiff's exclusive use of the name Fishman & Fishman precludes defendant from alleging that this use constituted unfair competition and a deceptive trade practice.

Defendant's final contention concerns the award to plaintiff of the amount of fees due plaintiff, plus interest earned on those fees. Prior to plaintiff's post-decree petition for an accounting, defendant deposited $100,000 in fees received from cases on the group B list and invested it in a certificate of deposit. By the time that the ruling on the post-decree petition was entered, the $100,000 had earned $44,000. In its order, the court awarded the entire $144,000 to plaintiff. Defendant contends that this constituted an unauthorized award of interest on a judgment.

The general rule is that in the absence of a contract or statutory

provision, interest on a judgment is not recoverable. (*Shelby v. Sun Express, Inc.* (1982), 107 Ill. App. 3d 362, 366, 437 N.E.2d 764.) But this rule concerns interest which the court awards to compensate a judgment creditor for the period between judgment and payment during which the creditor is not able to utilize the money to which he is entitled. The situation in the instant case is entirely different.

■ Here, defendant retained certain fees in violation of a consent decree and proceeded to earn interest on that money until plaintiff secured a post-decree order. To allow defendant to retain the interest earned under these circumstances would be unjust. By granting plaintiff the principle amount plus the interest earned, the court was not granting unauthorized post-judgment interest. Rather, it was exercising its equitable powers to avoid unjustly enriching defendant for his wrongdoing. Under these circumstances, the court's award of interest was proper.

For the reasons expressed herein, the judgment of the circuit court is affirmed.

HARTMAN, P.J., and DOWNING, J., concur.