THE VILLAGE OF WESTVILLE, Plaintiff-Appellant, v. LOITZ BROTH-ERS CONSTRUCTION COMPANY, INC., Defendant-Appellee.

Fourth District   No. 4—87—0521

Opinion filed January 21, 1988.

Wendell W. Wright, of Wright Law Offices, of Danville, for appellant.

Richard T. West, of Follmer & West, of Urbana, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

On June 18, 1986, Loitz Bros. Construction Company, Inc. (Loitz), filed a demand for arbitration with the American Arbitration Associa-

tion and served the demand on the village of Westville (Westville). The dispute for which Loitz sought arbitration arose out of a construction contract between O'Neil Brothers Construction Company, Inc. (O'Neil), and Westville for the construction of a sanitary sewer system. Loitz was a subcontractor of O'Neil and was approved by Westville to be a subcontractor. On June 10, 1986, O'Neil assigned its rights to pursue claims under the contract to Loitz and also authorized Loitz to proceed in its name in the pursuit of said claims. The contract between O'Neil and Westville contained a "broad form" of arbitration agreement which provided:

"All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section 20, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof."

On January 28, 1987, Westville filed a motion for stay of the arbitration proceeding in the circuit court of Vermilion County. On May 6, 1987, O'Neil was added as a party claimant to the arbitration proceeding before the American Arbitration Association. On May 19, 1987, a hearing was conducted to consider the motion for stay of arbitration proceedings. On July 8, 1987, the circuit court entered an order denying the motion for stay of arbitration and directing the parties to proceed to arbitration. It is from this order that Westville appeals.

■■ As both parties agree, upon application to a court to stay arbitration proceedings, the only issue to be considered by the court is whether there is an agreement to arbitrate, and this question is to be summarily determined. *Lester Witte & Co. v. Lundy* (1981), 98 Ill. App. 3d 1100, 425 N.E.2d 1; Ill. Rev. Stat. 1985, ch. 10, pars. 102(a), (b).

Westville's principal contention on appeal is that no valid assignment of a right to arbitrate has occurred in this case. They base this contention upon a "nonassignability" clause in the contract. However, as the court stated in *Kennedy v. Deere & Co.* (1986), 142 Ill. App. 3d 781, 785, 492 N.E.2d 199, 202:

"Lacking any statutory prohibition, the right to receive moneys due or to become due under an existing contract may be assigned though the contract itself may be unassignable.

(*DuPont DeBie v. Vredenburgh* (4th Cir. 1974), 490 F.2d 1057.) Under Federal common law, no less than under the law of this State, an assignee for collection may sue as the real party in interest. *Staggers v. Otto Gerdau Co.* (2d Cir. 1966), 359 F.2d 292, citing *Rosenblum v. Dingfelder* (2d Cir. 1940), 111 F.2d 406.''

Additionally, as the court stated in *Saltzberg v. Fishman* (1984), 123 Ill. App. 3d 447, 452, 462 N.E.2d 901, 905:

"A chose in action is also personal property and is assignable. (See *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947, 388 N.E.2d 912.) A suit to enforce a chose in action may properly be brought in the name of the assignee. See Ill. Rev. Stat. 1981, ch. 110, par. 2—403(a)."

Furthermore, as the court stated in *Ozdeger v. Altay* (1978), 66 Ill. App. 3d 629, 632-33, 384 N.E.2d 82, 84-85, in construing an arbitration agreement similar to the one at issue in the instant case:

"We believe the holding of this court in *Roosevelt University v. Mayfair Construction Co.* governs the outcome of the present case. The contract there contained an arbitration clause identical to the clause with which we are concerned. This court held that, in comparison to a clause providing for arbitration of disputes 'arising in connection with' a contract, a clause using the language 'arising out of, or relating to' is broader in scope. As in *Blades,* the contractor claimed damages for owner-caused delays under a contract which contained no express provision relating to this issue. The court, while agreeing with the *Blades* holding, nevertheless held that the inclusion of this type of arbitration clause in the contract justified submission of the issue to arbitration. Similarly here, by inserting this broad arbitration clause into the contract, it is clear that the parties intended to resolve through arbitration any and all disputes arising out of the subject matter of the contract, that is, the construction of plaintiffs' home. The carpentry management agreement is but one phase of this construction project. The subsequent oral agreement is no less related to the written contract than the addendum thereto which this court has previously held subject to the arbitration clause. [Citation.]

We hold that the matters alleged in plaintiffs' amended complaint are clearly disputes 'arising out of, or relating to' the original agreement and, as such, are required to be resolved by arbitration. (*Roosevelt University v. Mayfair Construction Co.*) Moreover, even were we to find that the scope of the arbitra-

tion clause is in doubt, we believe that this issue, by virtue of the broad language of the clause, should be resolved, in the first instance, by the arbitrators, subject to ultimate judicial review. *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, 215 N.E.2d 25; *Roosevelt University.*"

■ Consequently we conclude that the assignment of the right to arbitrate from O'Neil to Loitz was valid and that the issues now raised in this appeal should be resolved by arbitration. *Ozdeger*, 66 Ill. App. 3d at 633, 384 N.E.2d at 84; *Kennedy*, 142 Ill. App. 3d 781, 492 N.E.2d 199; *Saltzberg*, 123 Ill. App. 3d 447, 462 N.E.2d 901.

■ Furthermore, assuming *arguendo* that O'Neil could not validly assign its right to Loitz, we still conclude that the circuit court's decision to deny the motion for stay of arbitration proceedings was correct. There is obviously a dispute "arising out of, or relating to" the contract documents in this case. Furthermore, there is clearly an arbitration agreement between O'Neil and Westville. Since O'Neil is a party claimant in the arbitration proceeding, we see no grounds for preventing O'Neil from arbitrating its claim against Westville.

■ Westville's contention on appeal that O'Neil accepted final payment under the contract and that this acceptance operated as a "release" of all claims against Westville is an issue arising out of the contract which must be resolved by the arbitration. We note, however, that Westville contends that the "final payment" was accepted on November 14, 1985, but that according to an affidavit in the record, Westville stated that no "final payment" would be made until final waivers of lien from subcontractors and the final contractor's affidavit were received, and these documents were never given to Westville. Furthermore, other evidence in the record indicates that transactions pursuant to the contract between O'Neil and Westville continued well after the date of the acceptance by O'Neil of the purported "final payment." Based upon the evidence in the record, we conclude that Westville has failed to prove that they should be released from the claims of O'Neil and Loitz.

For the reasons stated herein, the order of the circuit court denying Westville's motion for stay of arbitration proceedings is hereby affirmed.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.