# Illinois Official Reports

## Appellate Court

*MHR Estate Plan, LLC v. K&G Partnership*, 2016 IL App (3d) 150744

| | |
|---|---|
| Appellate Court Caption | MHR ESTATE PLAN, LLC, a Delaware Limited Liability Company, Petitioner-Appellee, v. K&G PARTNERSHIP, an Illinois General Partnership; R.J.K. 1993 TRUST u/t/a Dated September 1, 1994; J.A.K. 1993 TRUST u/t/a Dated March 19, 1994; RUTH KUMICICH, as Trustee of the R.J.K. 1993 Trust and the J.A.K. Trust; EDWARD A. GLAVIN TRUST u/t/a Dated June 26, 2003; and ARLENE GLAVIN as Successor Trustee of the Edward A. Glavin Trust, Respondents-Appellants (Edward Glavin, as Trustee of the Edward A. Glavin Trust Dated June 26, 2003; and Ruth Kumicich, as Trustee of the R.J.K. 1993 Trust and as Trustee of the J.A.K. 1993 Trust, Counter-Petitioners and Third-Party Plaintiffs; MHR Estate Plan, LLC, Counter-Respondent; and Michael H. Rose, Third-Party Defendant). |
| District & No. | Third District<br>Docket No. 3-15-0744 |
| Filed<br>Rehearing denied | July 26, 2016<br>August 31, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-CH-3196; the Hon. Roger Rickmon, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

D. Cass Wennlund, of Wennlund & Associates, of Mokena, and Michael R. Collins (argued) and John P. Collins, both of Collins & Collins, of Chicago, for appellants.

Joseph R. Marconi (argued), David M. Macksey, and Brian C. Langs, all of Johnson & Bell, Ltd., of Chicago, for appellee.

Panel

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Schmidt and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1 In an action regarding a partnership dissolution and liquidation, respondent partners appealed the circuit court's order authorizing a liquidator to sell the partnership assets.

¶ 2 FACTS

¶ 3 The respondent, K&G Partnership, an Illinois general partnership, entered into a restated partnership agreement on January 1, 1993, for the purpose of the continued development of a mobile home park, called Gateway. The partnership continued a prior partnership between John Kumicich, Edward Glavin, and Donald Kreger and added third-party defendant Michael Rose as a partner. After the partnership was formed, Kumicich transferred his 50% interest in K&G Partnership to two trusts, the R.J.K. 1993 Trust and the J.A.K. 1993 Trust. Glavin transferred his 18.75% interest in K&G Partnership to the Edward A. Glavin Trust. The three trusts and their trustees were named as respondents in this action to dissolve K&G Partnership and appoint a receiver, filed by the petitioner, MHR Estate Plan (hereinafter MHR), the assignee of Rose's 31.25% interest in K&G Partnership. MHR's complaint alleged breaches of the partnership agreement and alleged that the partnership agreement explicitly provided that the partnership would expire on December 31, 2010, unless terminated earlier. MHR sought a judicial dissolution and the appointment of a receiver to oversee the dissolution.

¶ 4 The respondents filed a motion to dismiss, arguing that the arbitration clause in the partnership agreement controlled. The circuit court denied that motion, by order dated September 22, 2011, concluding that there was no factual dispute subject to arbitration but only a winding up by virtue of the termination of the partnership on December 31, 2010. Thereafter, the respondents filed an answer to the petition asserting the affirmative defense that the arbitration clause controlled, a counterclaim seeking to disassociate MHR as a partner, and a third-party complaint against Rose for inducement of breach of fiduciary duty.

¶ 5 MHR's motion to strike the counterclaim was denied, and a motion by the respondents to sell K&G Partnership's assets was also denied. The circuit court determined that a receiver should be appointed and directed the parties to discuss a prospective receiver and report back to the court. By order dated September 26, 2012, the circuit court appointed CR Realty

Advisors, LLC, to act as the receiver/liquidator of the assets of K&G Partnership. CR Realty Advisors filed its first report, advising that it believed that an orderly sale was more appropriate than a liquidation or auction. The respondents objected to the report, contending that the receiver failed to value K&G Partnership's assets and argued for a public judicial sale. The respondents then filed a motion to remove CR Realty Advisors as the receiver, arguing that Grant Manny, the receiver for CR Realty Advisors, was a personal friend of Rose's son. By order dated May 2, 2013, the circuit court denied the respondent's motion to remove CR Realty Advisors.

¶ 6 By order dated June 24, 2013, the circuit court found that counts II and III of the respondents' third-party complaint against MHR and Rose was subject to the arbitration clause in the partnership agreement and stayed the case pending that arbitration. On May 8, 2014, the arbitrator entered its ruling, and MHR filed a motion to set a hearing date to determine the method of sale of K&G Partnership's assets. However, the case was again stayed on July 31, 2014, due to Rose's bankruptcy filing.

¶ 7 On October 16, 2014, after Rose's bankruptcy was dismissed, MHR again filed a motion to set a date for the sale of K&G Partnership's assets. On December 3, 2014, the circuit court entered an order directing CR Realty Advisors to proceed with the planning of a private sale of K&G Partnership's assets. The court ordered MHR and the respondents to submit their proposed terms of the private sale. Both parties suggested terms, and the circuit court entered an order setting the terms of sale on March 27, 2015. The order provided that CR Realty Advisors would enter into an exclusive right to sell K&G Partnership's assets, referred to as Gateway I, with Sunstone Manufactured Housing Consultants (Sunstone), a national broker, to the buyer making the highest purchase offer. The parties to the lawsuit could submit a bid but would have no advantage over a third-party bidder.

¶ 8 Thereafter, on July 16, 2015, CR Realty Advisors filed its liquidator/receiver's sales and marketing report, disclosing the proposals that it had received. According to the report, a number of bids were received, including one from the respondents. CR Realty Advisors directed Sunstone to invite those with the five highest offers to make their best and final offer by June 5, 2015. CR Realty Advisors also directed Sunstone to invite the respondents to make a final offer, even though their bid was not in the top five. After reviewing the offers, CR Realty Advisors determined that the offer of $12,600,000 from Olympia Acquisitions, LLC was the best offer. As CR Realty Advisors acknowledged, Olympia Acquisitions' members were current partners of K&G Partnership. The offer matrix indicated that Olympia Acquisitions' offer was the highest, at $12.6 million. The attached bid from Olympia Acquisitions indicated that the purchase price was $12.6 million, but the terms only called for a payment of $8,662,500, for the 68.5% of K&G Partnership that was not already owned by Rose. The circuit court ordered the acceptance of Olympia Acquisitions' contract and authorized CR Realty Advisors to execute the contract.

¶ 9 The respondents objected, arguing that Olympia Acquisitions' offer was to purchase K&G Partnership's partnership interests rather than an offer to purchase K&G Partnership's assets, it was not the best and highest bid, and their own offer was the only real offer. At a hearing on the objection, Dave Mitidiero testified that he acted as the court-appointed liquidator for CR Realty Advisors. Mitidiero testified that he understood that the main asset of K&G Partnership was Gateway mobile home park and that his job was to get the best price for that asset. He did not appreciate the difference between Olympia Acquisitions' bid for the partnership interests

and the respondents' offer to purchase the beneficial interest in the land trust. He was comparing dollar amounts and felt that Olympia Acquisitions offered the highest price for K&G Partnership's asset. The circuit court denied the motion to approve the contract to Olympia Acquisitions because the sale order said a sale of assets and Olympia Acquisitions' proposal contained a quantitative difference. However, the court then ruled that Olympia Acquisitions was the high bidder and could restructure its offer into a proposal to purchase K&G Partnership's assets for the same contract price of $12,600,000. The respondents' request to also restructure their bid was denied because the bidding process was over and they would be changing their bid price. The court ordered the liquidator to negotiate a contract with Olympia Acquisitions and bring it to court for approval.

¶ 10 The respondents objected to the order allowing Olympia Acquisitions to restructure its bid to comply with the court order and asked the court to recognize its new bid of $13,000,000 as the best, highest bid. In an order dated August 11, 2015, the circuit court overruled the objection. On the record, the circuit court ruled that the respondents' bid for $13 million was not a valid bid because the bidding process was closed. Thereafter, CR Realty Advisors presented Olympia Acquisitions' restructured agreement to buy and sell assets for approval by the court. The respondents objected, essentially raising the same arguments that the circuit court had already rejected. By order dated October 21, 2015, the circuit court approved CR Realty Advisors' request to approve the contract with Olympia Acquisitions.

¶ 11 The respondents filed a notice of appeal on October 28, 2015, an interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a) (eff. Feb. 26, 2010). However, the respondents also sought to appeal orders entered on September 22, 2011, and August 6, 2015, denying arbitration; the order entered on August 11, 2015, denying the respondents' bid to purchase the partnership assets and denying their objections to Olympia's bid; and an order of September 23, 2015, quashing subpoenas for additional discovery. The petitioner, MRH, filed a motion to dismiss as untimely the interlocutory appeal of the orders entered on September 22, 2011, August 6, 2015, August 11, 2015, and September 23, 2015, because they were not filed within 30 days of entry as required by Rule 307(a). MRH also challenged the right to appeal the October 21, 2015, order but on the basis that it was not immediately appealable under Rule 307(a).

¶ 12            ANALYSIS

¶ 13 The respondents argue that the circuit court erred in failing to send MHR's petition to binding arbitration. The respondents contend that the partnership agreement was straightforward and required the dispute to be sent to arbitration.

¶ 14 First, we must address the appealability of the orders denying arbitration. The circuit court entered two orders, one on September 22, 2011, and one on August 6, 2015, regarding arbitration. The respondents cite Illinois Supreme Court Rule 304(b)(2) (eff. Feb. 26, 2010) as authority for the appeal because they did not file an interlocutory appeal within 30 days of either order.

¶ 15 An order granting or denying a motion to compel or stay arbitration is an interlocutory order appealable under Rule 307(a)(1). *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1025 (2005). The respondents, though, did not appeal the denial of their motion to dismiss within the 30 days required by Rule 307(a). However, Rule 307 does not require that a party file an interlocutory appeal; the party has the option of waiting until after final

judgment has been entered. *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001). The respondents argue that their appeal of the arbitration decisions was brought under Rule 304(b). Some final judgments that do not dispose of an entire proceeding are appealable without a special finding. Ill. S. Ct. R. 304(b) (eff. Feb. 26, 2010). Relevant to this appeal, this includes "[a] judgment or order entered in the administration of a receivership, rehabilitation, liquidation, or other similar proceeding which finally determines a right or status of a party and which is not appealable under Rule 307(a)." Ill. S. Ct. R. 304(b)(2) (eff. Feb. 26, 2010). We agree with respondents that the order of October 21, 2015, which granted the liquidator/receiver's motion to approve the contract for the sale of the partnership, was a final judgment in a liquidation proceeding that determined the rights of the parties, conferring jurisdiction on this court to review not only the October 21 order but also the arbitration decisions that were not the subject of an interlocutory appeal. See *In re Liquidation of Medcare HMO, Inc.*, 294 Ill. App. 3d 42, 47 (1997) (dismissal of one theory of recovery was not appealable until entry of judgment or order that finally determined right or status).

¶ 16    The respondents argue that the issues raised in MHR's petition were subject to the arbitration clause. MHR argues that there was no arbitrable dispute because the partnership had terminated pursuant to the Uniform Partnership Act and the terms of the partnership agreement prior to the petition being filed and all that remained was the winding up of the partnership pursuant to section 801 of the Uniform Partnership Act (1997) (805 ILCS 206/801 (West 2010)). The respondents argue on appeal that there was a dispute as to whether the partnership actually dissolved on the termination date, but MHR contends that this argument was waived because it was not raised in the circuit court.

¶ 17    An appeal from the denial of a motion to compel arbitration, without an evidentiary hearing, is reviewed *de novo*. *Hollingshead v. A.G. Edwards & Sons, Inc.*, 396 Ill. App. 3d 1095, 1099 (2009).

¶ 18    Section 2.4 of the K&G Partnership agreement provided that the partnership "shall continue until December 31, 2010, unless sooner terminated as provided in Article IX of this Agreement." Article IX contained the termination of partnership provisions.

¶ 19    The arbitration clause in section 12.1 of the K&G Partnership agreement provided:

> "The Partners agree to submit all disputes arising under this Agreement to binding arbitration. If a dispute arises, the Partners shall agree upon a place at which the arbitration will be conducted. The arbitration proceedings will be conducted in accordance with the rules of the American Arbitration Association."

¶ 20    Under the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 2010)), the parties are bound to arbitrate those issues that they have agreed to arbitrate. *Smola v. Greenleaf Orthopedic Associates, S.C.*, 2012 IL App (2d) 111277, ¶ 16. If a dispute is clearly within the arbitration clause, the court should order arbitration. However, if the dispute is clearly not within the clause, then there is no agreement to arbitrate, and the court should deny arbitration. If the scope of the agreement is reasonably in doubt, then the meaning of the arbitration clause should be determined by the arbitrators. *State Farm Mutual Automobile Insurance Co. v. Hanover Development Corp.*, 73 Ill. App. 3d 326, 328-29 (1979) (citing *School District No. 46 v. Del Bianco*, 68 Ill. App. 2d 145, 154-55 (1966)). In *Ozdeger v. Altay*, 66 Ill. App. 3d 629, 631 (1978), the First District held that a written contract arbitration clause covering all disputes "arising out of, or relating to" the written contract required arbitration of the related oral contract. On the other hand, in *United Cable Television Corp. v. Northwest Illinois Cable*

*Corp.*, 128 Ill. 2d 301, 305 (1989), the supreme court found that a dispute between limited and general partners was not a dispute subject to the limited arbitration clause that only applied when the "general partners fail to agree on a matter *** affecting the general policy of the Company *** that would, in the judgment of either general partner, materially or adversely affect the business or prospects of the Company." (Internal quotation marks omitted.) In reaching that conclusion, the *United Cable* court emphasized the limited nature of the arbitration clause, in contrast to the broad "any claim relating to or arising out of" or "any controversy which arises out of" type. (Internal quotation marks omitted.) *United Cable Television Corp.*, 128 Ill. 2d at 308.

¶ 21 The arbitration clause in this case was broad, providing that all disputes arising under the agreement were subject to arbitration. The complaint in this case alleged various breaches of the partnership agreement, with respect to the termination and liquidation of the partnership, including allegations that the respondents refused to take action to terminate the partnership and liquidate the assets and refused to allow Rose to act as managing partner after the death of Kumicich. Because the dissolution and liquidation provisions were in dispute, under the broad arbitration clause, those issues were subject to arbitration, or at least reasonably in doubt, so that the meaning of the arbitration clause should have been determined by the arbitrators. Thus, we reverse the order of September 22, 2011, denying respondents' motion to dismiss based upon the arbitration clause and remand to the circuit court for proceedings consistent with this order. As such, we decline to address the remaining substantive issues relative to the disposition of K&G Partnership's assets as those issues are subject to arbitration. MHR's motion to dismiss the appeal is denied.

¶ 22                                             CONCLUSION
¶ 23 The judgment of the circuit court of Will County is reversed and remanded.

¶ 24 Reversed and remanded.